UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TROY ANTHONY PESINA, | ) | No. CV-10-441-JPH |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR PRELIMINARY |
| v. | ) | INJUNCTION AND TEMPORARY |
| | ) | RESTRAINING ORDER |
| MR. STOCKWELL, J. ROLLINS, | ) | |
| POWELL, and MR. McDONALD, | ) | (ECF No. 47) |
| | ) | |
| Defendants. | ) | |

BEFORE THE COURT is plaintiff's motion for a preliminary injunction and temporary restraining order, ECF No. 47, and defendants' response (ECF No. 51), noted for hearing without argument on September 30, 2011. Plaintiff is a prisoner at Airway Heights Correctional Center (AHCC). He proceeds pro se. Assistant Attorney General Kelly E. Konkright represents defendants. The parties consented to the Magistrate Judge's jurisdiction (ECF No. 37).

Plaintiff asserts he should immediately be provided with "adequate legal access and or assistance," be transferred to a facility with such access or assistance, and be reclassified. Plaintiff asserts he is currently housed in a segregation unit

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

- 1

(ECF No. 47 at 1-4). Defendants respond that plaintiff seeks redress from parties who lack the power to perform the acts requested and plaintiff has access to a law library through the assistance of trained staff upon written request (ECF No. 51 at 1-6).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to any prospective relief unless this Court enters the necessary findings required by the Act. The PRLA states: Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief. 18 U.S.C. § 3626 (a)(1)(A).

A "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626 (g)(2). "[T]he term 'relief' means all relief in any form that may be granted or approved by the court . . . ." 42 U.S.C. §

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

- 2

3626(g)(9).

In a civil rights case, injunctions must be granted sparingly and only in a clear and plain case. The United States Supreme Court has stated: Even in an action against private individuals, it has long been held that an injunction is "to be used sparingly, and only in a clear and plain case." When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, his case must contend with "the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)(citations omitted).

This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safly*, 482 U.S. 78, 85 (1987). "Running a prison is an inordinately difficult undertaking . . . peculiarly within the province of the legislative and executive branches of government . . . [S]eparation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have, as we indicated in *Martinez*, additional reason to accord deference to appropriate prison authorities." *Id.* at 85, citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974).

In order to justify the "extraordinary and drastic remedy" of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). The moving

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

party must demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). It is no longer sufficient for the Plaintiff to assert a possibility of success on the merits. *Id*. at 22.

### III. FACTS

Plaintiff alleges he is being deprived of access to legal materials. Defendants respond that access to legal materials is provided; plaintiff must simply send a written request for materials to the law library and an appropriately trained staff person will route the materials to him in segregated housing.

Plaintiff also contends his segregation classification is improper. To this, defendants respond (1) they lack the authority to change a prisoner's classification (or to expand his access to the law library); (2) plaintiff is in segregation pending transfer to an institution that (unlike AHCC) has a closed custody unit, Clallum Bay Correctional Center; and (3) plaintiff has not yet been transferred because he has a September court date in Benton County Superior Court, but will be transferred after that court date ((ECF No. 51 at 1, 4-5).

### IV. DISCUSSION

**A. Likelihood of Success on the Merits**

In order to establish a claim he was deprived of his constitutional right to meaningful court access, a prisoner must

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

- 4

show he was not given *either* adequate access to a law library or adequate assistance from a person trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff fails to make this showing.

Similarly, plaintiff has not refuted defendants' assertion that they lack the authority to change his classification, nor has he shown he has properly exhausted his administrative remedies.

In light of these facts, Plaintiff cannot demonstrate a likelihood of success on the merits. Plaintiff has been provided meaningful access to the courts, as that right has been determined by the United States Supreme Court. He has not shown defendants have the authority to change his classification status. Finally, plaintiff fails to show he has properly exhausted his administrative remedies.

**B. Irreparable Injury**

Plaintiff seems to allege if his classification is not changed he will suffer irreparable harm because his segregation classification is depriving him of access to the law library. However, the record demonstrates plaintiff has access to legal materials even though his classification places him in housing segregated from the general population. He cannot demonstrate he will suffer irreparable injury if the requested relief is not granted.

**C. Balance of Equities**

Plaintiff has not alleged any harm that would outweigh the appropriate level of deference to the defendants. Plaintiff has

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

- 5

not demonstrated an entitlement to the relief requested, nor has he demonstrated that the actions taken by defendants harm him. There is nothing in the record that indicates plaintiff made use of a written request for legal materials. Balanced against this is the reasonable procedure provided by defendants for prisoners to access legal materials while housed in segregation units. Plaintiff fails to show his current classification is capable of being changed by these defendants.

**D. Public Interest**

Plaintiff offers no argument in support of his motion for preliminary injunctive relief as to how the public interest favors granting the requested relief.

**V. CONCLUSION**

Plaintiff fails to show he is being deprived of any constitutionally protected right meriting the extraordinary remedy of preliminary injunctive relief.

The Court therefore **ORDERS as follows:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(ECF No. 47) is DENIED.**

2. The Clerk of Court shall file this Order electronically and provide a copy to the Plaintiff.

**Dated** this 30th day of September, 2011.

S/ James P. Hutton

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

- 6

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

- 7