UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TROY ANOTHONY PESINA, | NO. CV-10-441-JPH |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |
| MR. STOCKWELL, J. ROLLINS; POWELL, and MR. McDONALD, | (Replacing ECF No. 122) |
| Defendants. | |

**BEFORE THE COURT** is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 83, pursuant to Federal Rule of Civil Procedure 65, and defendants' response, ECF No. 92. Plaintiff is a prisoner at Airway Heights Correctional Facility (AHCC), and proceeds pro se. Assistant Attorney General Jason D. Brown represents defendants. The parties consented to the Magistrate Judge's jurisdiction, ECF No. 37.

Plaintiff alleges that he has been subjected to retaliatory treatment for his previous motion for preliminary injunction by being left in harm's way with an out-of-control cellmate, and that following this incident, his legal property has been withheld from him, effectively denying his constitutional right to meaningful access to the courts, ECF No. 83. He asserts he should immediately be transferred to a facility other than AHCC "to ensure that his safety is [preserved] and that he will be allowed to access the

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 1

court without blemish or fault." *Id*. Defendants respond that plaintiff has not exhausted his administrative remedies for these allegations; that he does not meet the criteria for prospective relief under the Prison Litigation Reform Act (PLRA) for either the incident with his cellmate or having his legal materials withheld; that his requested relief is not the least intrusive means necessary to correct the alleged violation of his civil rights; and that he has failed to comply with local rules in noting his motion for hearing, ECF No. 92.

## I. STANDARD OF REVIEW

Under the PLRA, the granting of prospective relief should be highly limited:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief. 18 U.S.C.A. § 3626(a)(1)(A).

The Act defines "civil action with respect to prison conditions" as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C.A. § 3626 (g)(2). It defines "relief" as "all relief in any form that may be granted or approved by the court... ." 18 U.S.C.A. § 3626 (g)(9).

The Supreme Court has held that the granting of injunctive relief in a civil rights case shall be granted "sparingly":

> Even in an action against private individuals, it has long been held that an injunction is "to be used sparingly, and only in a clear and plain case." When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, his case must contend with "the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598, 46 L.Ed.2d. 561 (1976) (citations omitted).

Such relief should be granted even more rarely in cases involving the administration of prisons:

> '... courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.' ... Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), citing *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

To justify injunctive relief, the moving party must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). The previous standard of demonstrating "possible" success on the merits is no longer sufficient. *Id*. at 22.

///

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 3

## II. FACTS

Plaintiff alleges he has been subjected to retaliatory conduct by the co-workers of the defendants that placed him in physical danger, ECF No. 83, in violation of his Eighth Amendment rights. The allegation arises from an event on March 4, 2012, during which plaintiff's cellmate was out of control, moving between the cell and day room, threatening to assault any staff who entered the area, ECF No. 94. Via booth-cell intercom, prison staff instructed plaintiff to leave his cell and close the cell door. *Id*. Plaintiff refused to do either. *Id*. Two teams entered to secure the area, and verbal submission orders were given to both plaintiff and his cellmate. *Id*. Both complied and were placed in restraints for pre-hearing confinement. *Id*. That day, plaintiff was placed in segregation. *Id*. On March 7, he was moved back to his previous level of custody. *Id*. Plaintiff alleges that "staff was well informed of the intent of this offenders intent [*sic*], yet refused to instruct petitioner to exit the cell by direct order," ECF No. 83. Plaintiff alleges that placing him in this cell with "an offender that chose to create a threat to the penological safety and security" unduly required him "to endure the 'Use of Force' used in the cell extraction." *Id*. He suggests that placing him with this cellmate, which caused him to be "scared for [his] life," ECF No. 84, was in retaliation for his previous motion for preliminary injunction, and in violation of his Eighth Amendment rights.

Defendants respond that "there is no indication, other than [plaintiff's] conclusory statements, [that] staff knew of his cellmate's intent prior to this incident," ECF No. 92, and that

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 4

plaintiff fails to show how his constitutional rights were violated.

Plaintiff also alleges that defendants have withheld his legal materials since his release from segregation, which violates his right to meaningful access the courts, ECF No. 84. Seven boxes of plaintiff's legal materials were given to AHCC's Property Unit on March 6, 2012, ECF No. 93. On March 22, only six boxes were returned to plaintiff. *Id*. Plaintiff alleges that defendants withheld his legal materials from him, frustrating his ability to access the courts, ECF No. 84. Defendants assert that they complied with Department of Corrections policy requiring inmates' legal property to be treated with respect and not be read during inspections and security searches, ECF No. 96. Defendants further assert that all of plaintiff's property has been returned to him, and that no property is being withheld from him, ECF No. 92. According to defendants, "[t]he one box discrepancy is due either to boxes being consolidated due to available space or one box was a segregation release box which is issued to inmates upon release from segregation," ECF No. 93.

### III. DISCUSSION

**A. Retaliatory conduct regarding March 4, 2012 incident**

To determine whether plaintiff has demonstrated that preliminary injunctive relief is appropriate to remedy the alleged retaliatory conduct regarding the March 4, 2012 incident, the Court applies the four-part *Winter* test.

*(1) Likelihood of success on the merits*

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 5

under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). To violate this amendment, a prison official must show "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 824, 834, 114 S.Ct. 1970 (1994). This requires more than ordinary lack of due care for an inmate's safety. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). "Deliberate indifference," then, can be equated to recklessly disregarding a known risk of serious harm to an inmate. *Farmer* at 836. Also, no action may be brought until an inmate has exhausted all of his administrative remedies. 42 U.S.C. § 1997e(a).

Here, plaintiff fails to demonstrate that AHCC staff acted with deliberate indifference. His statement that staff provided him with no instruction to avoid harm from his cellmate is at odds with the defendants' account. Plaintiff's refusal to comply with staff's instructions to avoid harm further weakens a claim of deliberate indifference. He makes no showing beyond conclusory statements that AHCC staff knew of his cellmate's intent to potentially harm him, which their response refutes. Thus, there is no showing of deliberate indifference such that plaintiff's constitutional rights were violated.

Because he has made no such showing, plaintiff has not shown that he is likely to succeed on the merits. He has not shown that AHCC staff acted with "deliberate indifference" toward his safety and well-being, so he will be unlikely to succeed on the merits of claiming a violation of his Eighth Amendment rights. Nor, as defendants rightfully assert, has plaintiff shown that he has exhausted his administrative remedies.

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 6

*(2) Irreparable injury in the absence of injunctive relief*

Plaintiff has failed to show that he will suffer irreparable injury because of the March 4 incident should the Court deny his motion for injunctive relief. By all accounts, plaintiff has suffered no physical harm, and nothing indicates that he will be in danger of future injury if he remains in custody at AHCC, in the absence of preliminary injunctive relief.

*(3) Balance of equities*

The balance of equities does not weigh in favor of plaintiff. He has not alleged any harm or misconduct that outweighs the deference the Court must show defendants in considering injunctive relief. He has not shown an entitlement to the relief requested, nor has he shown that the actions taken by defendants harm him. None of plaintiff's allegations outweigh the deference owed to the defendants and AHCC staff in their administration of the prison; therefore, plaintiff has failed to show that the balance of equities tips in his favor.

*(4) Public interest*

Plaintiff offers no argument that the public interest would favor granting the requested relief.

In considering the four factors of this test, the Court finds that preliminary injunctive relief is not an appropriate remedy for defendants' alleged retaliatory conduct regarding the March 4, 2012 incident.

**B. Withholding of legal property**

The Court again applies the four-part *Winter* test to determine whether injunctive relief is the appropriate remedy for plaintiff's claim that his legal materials were withheld from him,

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 7

and that his right to meaningful access to the courts was violated.

*(1) Likelihood of success on the merits*

In order to establish a claim that he was deprived of his constitutional right to meaningful court access, a prisoner must show he was not given either adequate access to a law library or adequate assistance from a person trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Plaintiff has failed to show that it is likely his claim will succeed on the merits. He alleges that defendants' withholding of his legal materials prevents him from effectively using the prison's law library and gaining meaningful access to the courts. This claim fails. Defendants have asserted that none of plaintiff's materials are being withheld from him, and his access to the courts as stipulated in *Bounds* remains intact. Plaintiff makes no additional showing that he has been deprived of meaningful access to the courts beyond claims that were dismissed in his previous motion for preliminary injunction  – therefore, his claim is unlikely to succeed on the merits. Additionally, plaintiff has failed to show that he has exhausted his administrative remedies.

*(2) Irreparable injury in the absence of injunctive relief*

Plaintiff has not shown that he will suffer irreparable injury in the absence of injunctive relief. Plaintiff seems to believe that prison staff at another facility will be less likely to withhold legal materials from him, which justifies injunctive relief and transfer of custody. However, he has failed to demonstrate an inevitable, irreparable harm should his motion be

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 8

1  denied and he remain in custody at AHCC, since, again, defendants
2  assert that he has been given back all of his property, and his
3  ability to access the courts appears intact.
4  *(3) Balance of equities*
5  Plaintiff has not alleged any harm that would outweigh the
6  high level of deference owed by the Court to the defendants.
7  Plaintiff has not demonstrated an entitlement to the relief
8  requested, nor has he shown irreparable harm caused by defendants'
9  actions. This is balanced against the potential harm to defendants
10 should injunctive relief be granted. If plaintiff's motion were
11 granted, then any future admission and return of legal property
12 into the Property Unit by defendant could give rise to injunctive
13 relief. As required by the PLRA, the Court must give deference to
14 defendants and AHCC staff in its administration of this process.
15 None of plaintiff's allegations outweigh the deference owed, and
16 plaintiff has failed to show that the balance of equities tips in
17 his favor.
18 *(4) Public interest*
19 Plaintiff has not made any argument that the public interest
20 would favor his motion for preliminary injunctive relief.
21 In considering the four factors of this test, the Court finds
22 that preliminary injunctive relief is an inappropriate remedy for
23 defendants' alleged withholding of plaintiff's legal property.

### IV. CONCLUSION

25 Plaintiff has failed to show that either being placed in a
26 cell with an out-of-control cellmate was retaliatory conduct in
27 violation of his Eighth Amendment rights, or that his property has
28 been withheld from him in violation of his right to meaningful

access to the courts. As such, pursuant to the *Winter* test to justify the granting of preliminary injunctive relief, he fails to show that such relief is the appropriate remedy for his alleged harms.

In addition, defendants assert that, as required by the PLRA, injunctive relief in this case would not be the least intrusive remedy. 18 U.S.C. § 3626(a)(1)(A). While their assertion appears correct, we need not consider it, since plaintiff's motion for preliminary injunction is denied based upon the *Winter* test.

Defendants also note that in plaintiff's "Motion for Hearing," he requested a hearing "at the earliest date possible and time," ECF No. 85. Defendants rightfully assert that, pursuant to local rules, a pro se party must contact opposing counsel to develop a list of mutually agreeable hearing dates, times, and places, and then, once a date, time, and place are agreed upon, that information should be filed separately in a Notice of Hearing. Plaintiff did not correctly file a Notice of Hearing, and his "Motion for Hearing" violates LR 7.1(h)(3)(b)(i-ii).

The court therefore **ORDERS as follows:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, **ECF No. 83, is DENIED.**
2. The Clerk of Court shall file this Order electronically and provide copies to the parties.

DATED this 11th day of June, 2012.

                                    s/ James P. Hutton
                                    JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE

Order Denying Motion for Preliminary Injunction and Temporary Restraining Order - 10